IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE WAGERS, | : |
| Plaintiff, | : CIVIL NO. |
| v. | : COMPLAINT AND DEMAND FOR JURY TRIAL |
| ACADEMY COLLECTION SERVICE, INC., | : |
| Defendant. | : |

LESLIE WAGERS (hereinafter "Plaintiff"), by and through her undersigned attorneys, alleges against ACADEMY COLLECTION SERVICE INC., (hereinafter "Defendant"):

## INTRODUCTION

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Defendant acted through her agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who at all relevant times resided in Galt, Wright County, Iowa.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant alleges that Plaintiff owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a company with its headquarters in the City of Philadelphia, Philadelphia County, Pennsylvania.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. On or about January 23, 2010, Defendant called Plaintiff from 866-227-0605.

14. On or about January 23, 2010, Defendant called Plaintiff on Plaintiff's cell phone number at 816-918-3470.

15. On or about January 23, 2010, Defendant called Plaintiff on Plaintiff's home phone number at 515-576-1685.

16. Defendant called Plaintiff and did not provide meaningful disclosure of the caller's identity as required by 15. U.S.C. §1692d(6).

17. On or about January 26, 2010, at approximately 7:55am, Defendant caller stated to

2

Plaintiff, "You will be served papers on February 2nd at your work because I know you will be there."

18. Upon information and belief, there is no lawsuit filed against Plaintiff by Defendant.

19. Defendant left voicemail messages that did not state that the communication is from a debt collector as required by 15 U.S.C. 1692d(6). (See transcribed voicemail message attached as Exhibit A.)

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d

20. Plaintiff repeats the allegations contained in paragraphs 1 through 19 and incorporates them as if the same were set forth at length herein.

21. Upon information and belief, to date there have been no legal proceedings initiated against Defendant.

22. Upon information and belief, Defendant did not intend to sue Plaintiff.

23. Defendant violated 15 U.S.C. § 1692d because Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff when he/she threatened to file a lawsuit against the Plaintiff in an effort to collect a debt and without intending to do so.

## COUNT II

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(5)

24. Plaintiff repeats the allegations contained in paragraphs 1 through 23 and incorporates them as if the same were set forth at length herein.

25. Defendant violated 15 U.S.C. § 1692e(5) because Defendant threatened to take action that cannot legally be taken or that is not intended to be taken when he/she stated that Defendant would serve Plaintiff with "papers on February 2nd" and did not intend to take such action, nor could lawfully take such action.

## COUNT III

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10)

26. Plaintiff repeats the allegations contained in paragraphs 1 through 25 and incorporates them as if the same were set forth at length herein.

27. Defendant violated 15 U.S.C. § 1692e(10) because debt collector used deceptive means to attempt to collect the debt when Defendant stated she would serve Plaintiff with "papers on February 2nd" and did not intend to take such action.

## COUNT IV

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(6)

28. Plaintiff repeats the allegations contained in paragraphs 1 through 27 and incorporates them as if the same were set forth at length herein.

29. On or about January 26, 2010, Defendant called Plaintiff at home phone number and did, in fact, leave a message.

30. The message did not state that the communication was from a debt collector. (See transcribed voicemail message attached as Exhibit A.)

31. The voice message did not state the appropriate mini-miranda language. (See transcribed voicemail message attached as Exhibit A.)

4

32. Defendant violated 15. U.S.C. 1692d(6) because when Defendant left a voicemail message on Plaintiff's home phone number she did not state that the communication was from a debt collector, nor did the representative state the appropriate mini-miranda language.

## COUNT V

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(a)(1)

33. Plaintiff repeats the allegations contained in paragraphs 1 through 32 and incorporates them as if the same were set forth at length herein.

34. Defendant violated 15. U.S.C. 1692c(a)(1) because Defendant called Plaintiff at 7:55am, a time when debt collector must assume is inconvenient for communication with the consumer.

WHEREFORE, Plaintiff, LESLIE WAGERS, respectfully request judgment be entered against Defendant, ACADEMY COLLECTION SERVICES INC., for the following:

35. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

36. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

37. Actual damages,

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

39. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: _____
Alla Gulchina, Esq.
Attorneys for Plaintiff
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
P: (201) 461-0059
F: (201) 608-7116

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LESLIE WAGERS, demands a jury trial in this case.

# EXHIBIT A

### Voicemail message transcribed from audio file

This message is for Leslie Wagers. Leslie, this is Mindy Kirk. (unintelligible)…so and I need you to get back to me today, okay? I …..don't….. want… to leave any messages at your place of business. First of all, by law, we can't disclose the nature of your issue. I try not to communicate with anyone at their place of business if I can avoid it. It's down to the wire; you need to respond to this, this is very, very urgent. Unfortunately (unintelligible)…. this call, down to the wire and you don't have any time left. That's when the alarms go off. And you have (unintelligible)….several calls and you have not responded. The number again is 866-227-0605 extension 2671. Please make sure you get back to me.